### GALLEY v DOHERTY et

Ohio Appeals, 1st Dist, Hamilton Co

No 4117. Decided Oct 3, 1932

Paxton & Seasongood, Cincinnati, and Maurice H. Koodish, Cincinnati, for plaintiff in error.

Dinsmore, Shohl & Sawyer, Cincinnati, for defendant in error.

HAMILTON, J.

Motion for a new trial was overruled, and judgment entered on that verdict. Plaintiff prosecutes error to this court, specifying many grounds of error, among which are: Error in the charge of the court; that the court erred in refusing to embody in its charge the substance of a charge requested by plaintiff in error; error in the admission and rejection of evidence; that the judgment is against the weight of the evidence. There are some other grounds of error, which are not important for consideration.

The record is voluminous. There are hundreds of exhibits.

There was much evidence admitted over objection, which was irrelevant, incompetent, and immaterial, due to the fact that the case was largely tried on whether or not Nat Galley, who was the husband of the plaintiff, Clarence Dorger, and Amor W. Shafer, the agent of the defendant, were guilty of wrongs against each other, and against other persons and other business houses. There is not a scintilla of evidence that the plaintiff had any personal knowledge of any of these suggested illegal transactions.

Many pages of the record are taken up with Galley's dealings on the stock market with other concerns, and with other stock brokers.

It would be impossible to incorporate in an opinion of reasonable length the many questions of evidence, the rulings of the court, and the admissibility of exhibits contained in this record.

The plaintiff's evidence established that order given to Amor W. Shafer, the local manager for Henry L. Doherty & Company, for 800 shares of Cities Service common stock. The order was for the plaintiff, and was made by her husband, Nat Galley. The plaintiff and her husband carried a joint account. From this joint account, the first deposit payment for the 800 shares was, by check, for $10,000.00, made payable to the

defendant company. The check was signed by Nat Galley, the husband. The check was endorsed with the stamp of the Henry L. Doherty Company and cashed. Plaintiff received the written confirmation of the sale to her of the 800 shares of Cities Service common stock, at the price, together with a bill therefor upon the regular company form, confirming the sale.

It is not denied that Amor W. Shafer was at the time the general agent for the Henry L. Doherty Company in this district for the sale of securities, especially the Cities Service common stock. The order was given to him and the check, payable to Henry L. Doherty & Company, was delivered to him at the office of the Company.

Plaintiff further established that the Ten Thousand Dollars deposited had never been returned and no stock delivered, although demand had been made therefor.

Plaintiff clearly made a case for judgment in her favor.

As to the defense:—The first defense was a denial of the things that we have above recited to have been proven by plaintiff. The first defense falls unless defendant was able to establish that Amor W. Shafer was not the agent in the transaction of Henry L. Doherty & Company, defendant. Their attempt to show this to be a personal transaction is not established in our judgment, and if the jury so found, they found manifestly against the weight of the evidence. We are of opinion that the evidence is sufficient to estop defendant to deny the agency in the transaction.

It is in the record that Henry L. Doherty & Company were in New York, and were the general distributing agents for the vast millions of shares of the stock of the Cities Service Company and its activities in this distribution were throughout the land. It maintained offices in all the large cities for this purpose. Shafer was the agent in Cincinnati, having charge of a large territory throughout the middle west. The record discloses that Shafer disposed of thousands of shares of Cities Service Stock below the general market quoted by other brokers, and these quantities of stock were delivered and paid for. Whether or not Shafer had any authority to sell below the market is not shown. It might well be inferred that with the vast volumes of this stock of doubtful value, distributed throughout the country by Henry L. Doherty & Company, that there may have been an understanding to sell the stock at any reasonable prices that might be obtainable. It is in the record that Amor

W. Shafer sold large amounts of the stock below the prices quoted by local brokers; that the local brokers could not compete.

It is suggested that duress was used by Galley and Dorger to force Shafer to sell at prices below the quoted market prices. There is no evidence that Dorger had any connection with the transaction in question, although a large amount of evidence was offered and admitted as to other transactions by Dorger. The only evidence of any such threats against Shafer by Galley and Dorger was the testimony of Shafer that they knew of some other sales he had made below the market, and threatened to expose him. This was denied by Galley, and the circumstances are such that little credence can be given to Shafer's evidence, who now is in the penitentiary for other criminal offenses confessed by him.

If the jury found that such threats were made resulting in the sale below the market, its finding was manifestly against the weight of the evidence.

So that the only ground on which the verdict can be supported is, that the stock was purchased at a few points below the market, and this, notwithstanding volumes of stock had been sold to others at several points below the market and the stock delivered.

Does a bargain in a sale of stock carry a badge of fraud? We know it does not.

It must be borne in mind at all times that plaintiff had no knowledge of any suggested fraudulent transactions. As far as she was concerned it was a straight contract for the purchase of 800 shares of Cities Service common stock, and the deposit of Ten Thousand Dollars, as part payment on the contract price.

A reading of the evidence, as presented by the bill of exceptions together with the exhibits, would lead a casual reader to the conclusion that the case involved a criminal trial of Galley, Dorger, Shafer, and some others. The real issues in the case seem to have been lost sight of, and we do not wonder that the jury became confused, resulting in the verdict returned by it.

It is suggested in the brief of counsel for defendant in error that the principal is bound by the acts of his agent and by the knowledge of his agent, received in the course of his employment, even though not actually communicated to the principal equally as though the principal possesses the knowledge held by the agent.

This is the law, but it entirely defeats their claim of non-liability for the acts of Shafer in the transaction. They are claiming that the plaintiff, Mrs. Galley is bound by any wrongful act of her husband, whether she knew of it or not; but, at the same time, are claiming as their main defense that the defendant is not bound by the acts of Shafer in any wrong-doing concerning the management of the business. In other words, as long as Shafer dealt honestly with his employer, he was their agent, but when he exceeded faithful performance, he was acting for himself. However that may be, we are met by evidence properly before the court and jury, and are of opinion that on the weight of the evidence the defendant failed to establish by proof required that the contract for the sale of the stock in question and the deposit made, was procured by fraud. The plaintiff's knowledge, under the evidence, could only be that she was getting the stock at a bargain. If, as defendant in error contends, this should have put her on notice that something was wrong, it would only affect the contract to the extent that the Doherty Company might refuse to deliver the stock at the price stated, but would not justify its retaining the Ten Thousand Dollars paid to its agent by the plaintiff.

Our conclusion is: The court erred in overruling the motion for a new trial; the court erred in the admission of evidence; and that the verdict and judgment are manifestly against the weight of the evidence.

If the plaintiff's action was limited to recovery of the money payment, this court would enter judgment for that amount, with interest, on the undisputed relevant evidence in the case.

The judgment of the Court of Common Pleas is reversed, and the cause is remanded to that court for a new trial, and further proceedings according to law.

ROSS, PJ, and CUSHING, J, concur.